White, J.
The only question submitted for determination in this case, is whether the testator, in the third clause-of his will, refers to Fairfield township as it existed territorially at the time of the execution of the will, or whether the reference is to the township as it might thereafter be constituted.
The District Court held that the reterence was to the-township as it then existed; and in this we see no error.
If such is not the intent and meaning of the will, its operation might have been enlarged or diminished by the act of the county commissioners in changing the territorial limits of the township; or they might, by allotting the whole territory to other townships, have extinguished the township, and thus have defeated the bequest.
Fairfield township, and the public school fund of that township, are only referred to as furnishing the means or *213 instrumentality for reaching the intended objects of the testator’s bounty.
The primary object of the testator is to- apply his property to the education of the youth of Fairfield township; and to accomplish this purpose he expresses the wish that the proceeds be placed in the public school fund of that township.
Civil townships have always existed in this state for the purposes of local administration. They are recognized in the constitution of 1802; and the public school system was introduced and has been fostered through the township organizations. In the act of 1838, for the support and regulation of common schools, the township treasurer of each township was made the treasurer of the school funds of the township; and similar provisions are found in the subsequent laws.
It is true, as a general rule, that “ a will speaks from the death of the testator, and not from its date, unless its language, by fair' construction, indicates the contrary intention.”
But among the exceptions to this rule, it is laid down, that “ whenever a testator refers to an actually existing state of things, his language should be held as referring to the date of the will, and not to his death, as this is then a prospective event.” 1 Redfield on Wills, 379, sec. 30.
The present case comes within this exception. Fair-field township is referred to in the will as an existing territorial organization; not as the beneficiary of the charity, but as a means of ascertaining such beneficiaries when the time should arrive for its administration.
The objects of the charity can be as well ascertained since as before the division of the township. The only effect of the division seems to be that two agencies of a like nature are required to execute the trust instead of one.

Leave refused.

Welch, C. J., Rex, Gilmore, and McIlvaine, JJ., concurred.